IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 WELFARE FUND, ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 DEFINED CONTRIBUTION PENSION FUND, and the ARCHITECTURAL METAL TRAINEE SCHOOL FOR LOCAL NO. 63 AND THE IRON LEAGUE OF CHICAGO, INC., and the ARCHITECTURAL and ORNAMENTAL IRONWORKERS' UNION LOCAL NO. 63, <br><br> Plaintiffs, <br><br> v. <br><br> MORCOM CONSTRUCTION COMPANY, an Illinois corporation, <br><br> Defendant. | Case No: |

## COMPLAINT

Plaintiffs, the ARCHITECTURAL IRON WORKERS LOCAL NO. 63 WELFARE FUND, et al., by its attorney, Michael J. McGuire, and the law firm of Gregorio ♦ Marco, complain of the Defendant, MORCOM CONSTRUCTION COMPANY, an Illinois corporation, and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act (29 U.S.C. §§1132 et. seq.). Jurisdiction is founded on the existence of questions arising thereunder.

2. Plaintiffs, the ARCHITECTURAL AND ORNAMENTAL IRON WORKERS' LOCAL NO.63 WELFARE FUND, et. al. (collectively referred to as the "the Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements

between employers and the ARCHITECTURAL AND ORNAMENTAL IRON WORKERS' UNION LOCAL NO. 63, ("the Union").

      3.      The Trust Funds are multi-employer plans as defined under 29 U.S.C. §1002. The Trust Funds are administered in Oakbrook, Illinois, within the Northern District of Illinois. Venue is proper in the Northern District of Illinois.

      4.      Defendant, MORCOM CONSTRUCTION COMPANY, is an employer engaged in an industry affecting commerce. Its principle office is located at 9140 S. Oglesby Ave., Chicago, Illinois, and is within the Northern District of Illinois.

      5.      Defendant entered into a Memorandum of Agreement ("Agreement"), attached hereto as **Exhibit A**, which binds it to the terms and conditions of the Agreement between the Iron League of Chicago, Inc., and the Architectural and Ornamental Iron Workers' Union Local 63 ("the Collective Bargaining Agreement" or "CBA") and whose terms require Defendant to pay fringe benefits to the Trust Funds.

      6.      The Agreement and the Collective Bargaining Agreement also bind Defendant to the provisions of the Agreement and Declarations of Trust which created the Architectural Iron Workers' Local No. 63 Trust Funds ("Trust Agreements").

      7.      Defendant is required to make contributions to the Local 63 Trust Funds for each hour worked by its employees at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreement. In addition, Defendant is required to make contributions to the Union measured by the hours worked by employees and/or Local 63 members at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreement for the Local 63 Trust Funds. The Defendant is also liable for subcontracting iron work to any company that does not pay the contributions according to the terms of the Trust Agreements.

      8.      The CBA and Trust Agreements provide that employers who do not timely pay fringe benefit contributions are also liable for liquidated damages, interest, reasonable attorney's fees, court costs, audit fees, and other reasonable costs incurred in the collection process.

9. The CBA and Trust Agreements provide that an employer shall submit its books and records to an auditor chosen by the Trust Funds so that a fringe benefit compliance audit may take place to ensure the proper fringe benefits are being paid by the employer.

10. The Defendant breached the provisions of the CBA and Trust Agreements by failing to comply to an audit request and by failing to supply its books and records to the Trust Funds' auditor for the time period of March 1, 2016 through the present so that a fringe benefit audit may be completed.

11. As a result of said breach, the Defendant is also liable to the plaintiffs for the following ancillary damages:

    a. attorney fees and costs pursuant to the CBA and 29 U.S.C. §1132(g)(2)(D); and either

    b. liquidated damages and interest pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2)(B); or

    c. double interest pursuant to E.R.I.S.A., 29 U.S.C. §1132(g)(2)(C).

WHEREFORE, Plaintiffs pray:

A. That the Defendant be ordered to submit its books and records for the time period of March 1, 2016 through the present so that a fringe benefit audit may be conducted.

B. That the Defendant be ordered to pay all findings and contributions owed as shown by the audit.

C. That the Defendant be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

D. That the Defendant be ordered to pay interest or liquidated damages on any amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C).

E. That the Defendant be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs.

F. That Plaintiffs have such other and further relief as the Court deems just and equitable.

By: /s/ Michael J. McGuire
Michael J. McGuire

Michael J. McGuire
ARDC# 6290180
Gregorio ♦ Marco
Attorney for Plaintiffs
2 N. LaSalle St., Suite 1650
Chicago, IL 60602
312/263-2343